Exhibit A Exhibit

I Douglas shaffer hereby gives notice that the property in question is retired property it isn't used as a rental or business property. Further I Douglas Shaffer hereby makes a Special Appearance to challenge the Jurisdiction of my accessors and the court.

A special appearance may be entered for the purpose of taking advantage of any defects in the notice of summons, or to question the jurisdiction of the court over the person in any other manner; but filing a demurrer or motion which pertains to the merits of the complaint or petition, constitutes a full appearance, and is hence a submission to the jurisdiction of the court. City of Crawfordsville v. Hays, 42 Ind. 200; 1 Works Pr., sec. 224; Ford v. Ford, 110 Ind. 89, 10 N.E. 648, and cases cited.

A court cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction except by actual service of notice within the jurisdiction, either upon him or someone authorized to accept service in his behalf, or by his waiver, by general appearance or otherwise, of the want of due service. Conley v. Mathieson Alkali Works (1903), 190 U.S. 406, 23 S. Ct. Rep. 728, 47 L. Ed. 1113. This is an objection with the trial court regarding the sale of their property for delinquent taxes under Ind. Code § 6-1.1-24-4.7(b) and requested removal of the real estate from the tax sale list. This is requested due to a lack of subject matter Jurisdiction.

Jurisdiction to even charge a tax is lacking because the property in question is retired property under 50 IAC § 4.2-1-1.1 (n) (2) **retired property is not assessable for a Tax**. The property in question 1625 geller st.

Jurisdiction can be challenged at any time and must be proven not assumed.(Latana v Hopper 102 2d 188) (Chicago v New York 37 F SUPP 150) The court must prove on the record all jurisdiction facts related to the jurisdiction asserted. Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term." Dillon v. Dillon, 187 P 27.3

Under Ind. Trial rules 12 (b) (1) & (2). A failure to make such a distinction would result in a motion for dismissal under Ind. Trial Rule 12 (b) (6) for failure to state a claim upon which relief may be granted. [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - it's the very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981)(quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

When making a rule 12(b)(1) motion, a party may go beyond the allegations in the complaint to challenge the facts upon which jurisdiction depends, and may do so by relying on affidavits or other evidence properly before the court. See

or business; (B) held, used, or consumed in connection with the production of income; or (C) held as an investment or is it directly used for manufacturing or a process of manufacturing, then, Appellees cannot show evidence making the real property in question, includable within the definition of "personal property," to make Douglas Shaffer's Real property become, Tangible property, without which the property isn't taxable; as it never becomes tangible.

There is no other explanation as if the state could tax private property held for personal use, it would destroy one's right to own property 50 IAC § 4.2-1-1.1 (m), Primary definitions:, clarifies the matter of how real property becomes includable in the definition of personal property, & 50 IAC § 4.2-1-1.1 (n) (2) Primary definitions: shows when assets, such as property are retired from service they are to stop assessing the property & property is retired from service, when converted to personal use.

50 IAC § 4.2-1-1.1 (n) (2) states: ("Placed in service" means the asset is ready and available for a specific use whether in a trade or business, the production of income, or a tax-exempt activity. An asset is assessed until it is retired from service. An asset is retired property from service when it is permanently withdrawn from use by: (1) sale or exchange of the property; (2) conversion to personal use; (3) abandonment; (4) transfer to a supply or scrap account; or (5) property is destroyed.

Douglas Shaffer's property is for personal use. An asset/property is assessed until it is retired from service by conversion to personal use, and since Appellees agree with Appellant, that the property in question cannot be includable in the definition of personal property under Burns Ind. Code Ann. § 6-1.1-1-11, then my accusers' cannot show the property(s) is tangible; and therefore it is not taxable. Leaving no issue of fact arguable.

The provisions of the bill of rights is supposed to be enforced independent of statutory enactments. Schembri v. Shearer, 208 Ind. 97, 194 N.E. 615, 1935 Ind. LEXIS 194 (Ind. 1935).

### Property tax rulings & law on Tax Situs

Officers or agents of United States take property for the United States use, and no compensation; is paid, for the property. The owner; may sue, the officers; or agents, to recover; the property. United States v Lee 106 U.S. 196

States cannot take private property, by taxation; or for any use but public use; (IE immanent domain) Cities cannot be authorized; to donate bonds, to private corporations. Cole v Lagrange 113 U.S. 1 (This second ruling is from the Indiana Supreme Court).

On May 21, 1895, the U.S. Supreme Court ruled that a direct tax; on personal income, was unconstitutional as a result of the case of Pollock v. Farmers 'Loan and Trust Company. The lawsuit had been precipitated; by the 1894 Income Tax Act. The Supreme Court's 5-4 decision stated that a "direct tax" on the "income; of real, and of personal-property" was "unconstitutional and void."

50 IAC § 4.2-6-1 (a) clearly notes the requirement of a tax situs the appellees have provided no evidence showing such situs exist. "A state may not tax a person's property, or interest; which are not within it's territorial-jurisdiction; and subject only to applicable and controlling federal law. State taxation is authorized limited, and regulated; by the state constitution, and by state statute, enacted there under. Gray v Winthrop 115 fl 721, 156 so 270 pg. 94 1978."

"Since a state can levy a property tax; only on property, having a sit-us in the state provisions, requiring all property within the state to be subject to taxation; it will not be construed; to include property, which has no sit-us. <u>Dept of Revenue v Brookwood associates</u> 324 So.2d 184 (1 DCA 1975), cert. den., 336 So.2d 600 (Fla. 1976)"

The property, in question; has no sit-us, so how is the property, in question being taxed? Plaintiff's never knowingly; entered into any sit-us trust, so any trust claimed; would be a fraud, and void abinitio; for lack of full, complete, and whole-disclosure.

American Jurisprudence 2nd 1964 vol. 16 § 362 Nature of Right guaranteed.

The right of property, is a fundamental, natural, inherent, and unalienable right..... In fact, it does not owe its origin; to the constitutions; which protect it, for it existed before them. It is sometimes characterized judicially; as a sacred right, the protection of which, is one of the most important objects; of government. Pg. 691.

See attached copies of alleged taxes owed

I Douglas Shaffer declare and affirm under penalty of perjury under the laws of Indiana that the foregoing is true and correct, to the best of my Knowledge; and that i: Douglas Shaffer am physically located outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, and any territory or insular possession subject to the jurisdiction of the United States.

Dated this 27 day of Aug 2018

*Douglas Shaffer* [signature]

FILED AUG 27 2018