UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DOUGLAS ROBERT SHAFFER,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF INDIANA, et al<br><br>Defendants. | CAUSE NO.: 1:21-CV-479-HAB-SLC |

**ORDER**

Douglas Robert Shaffer, proceeding *pro se*, filed a complaint against the State of Indiana, Judge Wendy Davis, Wayne Township Assessor Beverly Zuber, and others related to a pending state court tax action.[1] ("the Action") (Compl., ECF No. 1). In his Complaint, brought pursuant to 42 U.S.C. §1983, he contends that the Defendants have violated his constitutionally protected civil rights in that Action. In a recently filed affidavit (ECF No. 4), he further requests this Court to intervene in that action and enjoin actions taken by the state court. Specifically, he asks this Court to enjoin the Sheriff from complying with the Writ of Assistance entered in that Action on December 27, 2021, authorizing the Sheriff to enter onto the property commonly known as 1625 Geller Street, Fort Wayne, IN 46808 and deliver possession to Equity Trust Company.

It is a very basic principle that federal courts are courts of limited jurisdiction. *See generally Gunn v. Minton*, 568 U.S. 251, 256 (2013). For this reason, district courts have an obligation to ensure its own jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1] The Court takes judicial notice of Allen Circuit Court action *In re Tax Sale,* Case No. 02C01-2008-TS-1.

Shaffer's Complaint sets forth a series of grievances related to the ongoing Action, culminating with the most recent filing asking this Court to enjoin further action in that case. Unfortunately for Shaffer, this court must abstain from interfering in the state court process and his complaint must be dismissed.

"Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). This doctrine, known as *Younger* abstention, is implicated where a federal plaintiff is attempting to call in to question or enjoin ongoing state proceedings. *Younger* abstention "is an exception to the general rule that federal courts must hear and decide cases within their jurisdiction." *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) (citing *Younger*, 401 U.S. at 37). Under this doctrine, a federal court must abstain from exercising jurisdiction over a case when: (1) there are pending state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. *Trust & Investment Advisers, Inc. v. Hogsett*, 43 F.3d 290, 295 (7th Cir.1994) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). When these criteria are met, a district court must dismiss the federal action. *Juidice v. Vail*, 430 U.S. 327, 337 (1977).

All three *Younger* criteria are met here. First, as Plaintiff's Complaint and the recently filed affidavit make clear, he asks this Court to intervene in her ongoing state court proceedings by enjoining orders from the state court. Second, it is widely accepted that states have an important interest in property located within its jurisdictional boundaries and the taxation of such properties. *Coleman v. City of Indianapolis*, 2018 WL 2093654, at *8 (S.D. Ind. May 7, 2018) ("State court property tax proceedings are judicial in nature. The ability to enforce a property tax judgment is

an important state interest…"). Finally, Indiana state courts provide him with the opportunity to challenge any judgment against him and to raise any constitutional concerns he may have. There are no special circumstances pled in the Complaint or raised in the Plaintiff's affidavit that would warrant the Court's consideration of a pending state court action and the Court has not identified any. Indeed, there is nothing suggesting that the contentions Shaffer makes in the Complaint could not be raised and remedied through the usual state court process, including appeals. The Court therefore finds that the requirements for *Younger* abstention are met and the complaint is dismissed for lack of jurisdiction.

## CONCLUSION

For the above reasons, this matter is DISMISSED for lack of jurisdiction. The request for injunctive relief in the Plaintiff's affidavit, (ECF No. 4) is DENIED as MOOT.

So ORDERED on January 14, 2022.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
